■ MARSELENE A. LaBARGE, Respondent, v CITY OF SYRACUSE, Respondent, and FIRST BAPTIST CHURCH OF SYRACUSE BOARD OF TRUSTEES, Appellant.—Order affirmed with costs for reasons stated at Supreme Court, Reagan, J.

All concur, except Boomer, J., who dissents and votes to reverse, in the following Memorandum.

Boomer, J. (dissenting). I respectfully dissent. In denying defendant First Baptist Church's motion for summary judgment, Supreme Court wrote: "Factual issues exist as to whether plaintiff's injuries were proximately caused by improper repairs on the sidewalk on which she fell, and if improper repairs were made, as to whether they were made by one of the defendants." No such issues were raised by evidence in admissible form.

In support of its motion for summary judgment dismissing the complaint, defendant submitted the transcript of the examination before trial of plaintiff, as well as a photograph (authenticated by plaintiff) of the location on the sidewalk where plaintiff fell. Plaintiff testified that she fell on an area of the sidewalk that was protruding up about an inch and one-half. She also testified, and the photograph shows, that there were no repairs made to the sidewalk where it was protruding upward.

In opposition to the motion, plaintiff submitted only an affidavit of her attorney. In his affidavit, the attorney states: "That repairs were made to said sidewalk * * * in and about the area where the plaintiff sustained her injuries." This statement does not constitute evidence in admissible form because there is no showing that the attorney had personal knowledge of the facts recited. Moreover, this conclusory allegation is contrary to the facts recited by plaintiff, who alone had personal knowledge of where she fell and what caused her to fall. Moreover, there is no showing, even in a conclusory form, that the repairs caused the fall. The photograph, circled by plaintiff clearly shows the spot that caught her foot and caused her to fall. It was the protrusion upwards of the sidewalk slab and not any repairs to the sidewalk that created the condition that caused the fall.

Because defendant submitted proof in admissible form that it was not responsible for the condition that caused plaintiff to fall, and because plaintiff, in opposition, submitted only the conclusory allegations of her attorney, Supreme Court erred in denying defendant's motion for summary judgment. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Callahan, J. P.; Boomer, Green, Pine and Balio, JJ.